FRUGÉ, Judge.
This is a suit for recovery of damages which resulted to a house trailer because of the alleged wrongful conversion caused by an act of an employee of the defendant, Ralph Cook. The alleged conversion occurred when one of defendant’s employees went to the Louisiana Delta Plantation near Jonesville, Louisiana, to pick up a house trailer that had been damaged and was being purchased for salvage by the defendant. The defendant’s employee found what he thought was the right trailer and tore the under-carriage or running gear from the trailer and transported it to Florien, Louisiana, behind a wrecker.
When the defendant discovered that the wrong trailer had been picked up by his employee, the defendant returned the running gear to the Louisiana Delta Plantation.
The plaintiff, Cloyce Ray, subsequently brought suit against the defendant, alleging that the defendant had wrongfully taken possession of the plaintiff’s house trailer and in removing the under-carriage had totally destroyed the house trailer, making it unfit for any further use.
Following a trial on the merits, judgment was rendered in favor of the plaintiff in the amount of $750. The defendant subsequently perfected this appeal. The plaintiff has answered the appeal asking for an increase in the amount of damages. We affirm.
The appellant concedes that the trailer belonging to the defendant was mistakenly appropriated by the appellant’s employee and that this was not the trailer that the defendant, Ralph Cook, had purchased.
The trailer in question was damaged substantially by a tornado which struck the Jonesville area on or about December 29, 1969. Appellant takes the position that the trailer was already totally demolished at the time that the appellant’s employee took possession of it, and that the only value that the trailer had at that time was the *527 salvage value of the running gear. Appellant additionally urges that the plaintiff, Cloyce Ray, was not the sole owner of the trailer, but that his brother also was owner of the one-half interest in the trailer.
We think appellant’s second contention, that is, that the brother of Cloyce Ray was an indispensable party to this suit since he was a part owner of the trailer, or that the damages should be reduced by one-half because this is the only interest that plaintiff had in the trailer, is without merit. There is sufficient evidence in the record to indicate that the title to the trailer was in the name of Cloyce Ray, alone, and that the insurance purchased for the trailer when it was first acquired was purchased by Cloyce Ray. Cloyce Ray was the owner of the damaged trailer, and as such, was the proper party and only necessary party to bring this action.
The central issue in this cause is the determination of the value of the trailer at the time of the taking by the defendant, and the damage caused thereby. The value of the trailer at the time it was purchased was $1500. The trial court determined that the trailer had depreciated approximately $50 prior to the time it was damaged by the tornado. The testimony in this case indicates that the amount of the damage done to the trailer by the tornado was $250. This is the amount it would have taken to repair the trailer. Neither of these amounts are chargeable to the appellant. They are not part of the damage or loss of value of the trailer, which was caused by the actions of the appellant’s employee.
Mr. A. D. Taylor, who testified as to the amount of damage sustained by the trailer because of the tornado, further testified that the value of the returned running gear was approximately $300. This amount the court also subtracted from the value of the trailer, as it represented salvage value. Further, in determining the value of the trailer, the trial court took an admittedly arbitrary figure of $150 for the return value of furniture and fixtures still remaining in the trailer. With these figures, the trial court calculated that the loss to the plaintiff, caused by the removal of the running gear by the defendant’s employee, was $750. We find no error in that determination.
Plaintiff additionally alleged in this suit that an air conditioner, which was in the trailer and valued at $150 had been taken by the defendant’s employee and had not been returned. We think the trial court properly concluded that the evidence was insufficient to show that an air conditioner had been taken by the defendant’s employee. The trial court stated:
“I don’t think there has been any proof that these people took the air conditioner or any of the other things, and the way I look at it, is that anyone could have gotten that out of there as it was laying there.”
Thus, we are of the opinion that the award in this case is proper under all the facts and circumstances as revealed by the record.
For the above and foregoing reasons, the judgment of the trial court is affirmed in all respects. All costs are to be paid by the defendant-appellant.
Affirmed.